Filed 7/23/26  P. v. Serrano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B345857 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA176519) |
| v. | |
| GILBERT I. SERRANO, Sr., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jennifer Peabody and Richard B. Lennon, under appointment by the Court of Appeal, and Gilbert I. Serrano, Sr., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Gilbert I. Serrano, Sr., appeals from the summary denial of his resentencing petition filed pursuant to Penal Code section 1170.126.[1]  His appellate counsel filed a brief raising no issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant filed a supplemental brief.  We review the contentions defendant raises in his supplemental brief and affirm.

## BACKGROUND

In 1997, defendant performed unlicensed dental work on a victim and kissed her against her will.  In 1999, a jury convicted defendant of battery causing serious bodily injury (§ 243, subd. (d)), false imprisonment (§ 236), and misdemeanor unlicensed practice of dentistry (Bus. & Prof. Code, § 1701, subd. (f)).  As to the battery, the jury found true the allegation that defendant personally inflicted great bodily injury (§ 12022.7).  Defendant admitted that he had been convicted of two prior serious felonies that qualified as strikes (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)).

The trial court sentenced defendant to a total term of 60 years to life as follows: 25 years to life for the battery; a consecutive term of 25 years to life for the false imprisonment, plus ten years for the two prior serious felony convictions (§ 667, subd. (a)(1)); and a concurrent term of six months in county jail on the misdemeanor.  The court stayed the three-year sentence for the section 12022.7 enhancement.  Defendant appealed, and this court affirmed his conviction.  (*People v. Serrano* (June 28, 2000, B132400) [nonpub. opn.].)

On February 22, 2022, the trial court recalled defendant's sentence and resentenced him pursuant to former section 1170, subdivision (d)(1) to a total term of 25 years to life.  The court also found good cause to strike the prior

---

[1]     Undesignated section references are to the Penal Code.

serious felony enhancements pursuant to section 667, subdivision (a)(1). Defendant appealed from the resentencing and we again affirmed the judgment in *People v. Serrano* (Feb. 21, 2023, B310169) [nonpub. opn.].

In 2024, defendant appealed from the denial of his request for recalculation of his credits. After reviewing defendant's supplemental brief pursuant to *Delgadillo, supra*, 14 Cal.5th at pages 231–232, we affirmed the superior court's order. (*People v. Serrano* (Nov. 12, 2025, B339256) [nonpub. opn.].)

In March 2025, defendant filed a motion to recall and resentence him pursuant to section 1170.126. He argued that his sentence was imposed under the Three Strikes law and violated his equal protection rights.

The trial court denied the motion on April 10, 2025. The court found that defendant's petition was untimely, as the statutory deadline for filing a petition under section 1170.126 was November 7, 2014. The court also rejected defendant's argument that his sentence was unconstitutional, noting that "numerous cases have upheld the constitutionality of an indeterminate life sentence after a Three Strikes conviction."

Defendant timely appealed.

## DISCUSSION

Defendant's appointed counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised defendant of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231–232), and defendant did so. We evaluate only the arguments set forth in defendant's supplemental brief. (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or

3

letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Defendant contends he is eligible for resentencing pursuant to the Three Strikes Reform Act. Specifically, section 1170.126 provides that an inmate "serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168; see also *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 849.) In his supplemental brief, defendant does not address the trial court's finding that his petition was untimely, as section 1170.126 subdivision (b) requires an inmate to file a petition "within two years after the effective date of the act that added this section [Nov. 7, 2012] or at a later date upon a showing of good cause." He also does not address any other eligibility requirements set forth in section 1170.126. Rather, defendant argues that his sentence was "unauthorized" because the victim purportedly recanted her testimony and his prior strikes were "remote in time." Defendant's arguments establish neither timeliness nor eligibility under section 1170.126. He has therefore failed to establish error in the trial court's order denying his petition.

DISPOSITION

The order denying defendant's section 1170.126 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COGLIATI, J.*

We concur:


MORI, Acting P. J.


TAMZARIAN, J.

---

*Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.